## IN RE LAMAS & MENDEZ, Bankrupts.

---

San Juan, Bankruptcy, No. 124.

PETITION FOR REVIEW OF FINDING OF REFEREE.

Bankruptcy—New Petition after Composition—Provable Claims.
  1. Where a bankrupt makes a composition with his creditors for 50 per cent, gives them notes for this amount, makes some payments upon the notes, and then, more than four months afterwards, files an involuntary petition, the creditors can only prove the amount of the notes received, less payments, and not their original claims; if the new petition is filed within the four months, the creditors can file their claims for the original amount less payments received.

Bankruptcy—New Petition after Composition—Provable Claims.
  2. Where one creditor agreed to accept 50 per cent in order to influence other creditors to accept the composition, but with the secret agreement that the bankrupt would pay him 85 per cent, the agreement with the bankrupt for the additional sum is void as against the other creditors, and this creditor can only prove his claim for 50 per cent in the second proceeding.

Opinion filed August 24, 1916.

In re Lamas & Mendez.

HAMILTON, Judge, delivered the following opinion:

There are three applications for review of findings of Referee Suau in the claims of Gandia & Stubbo, Diamond Rubber Company, and Angel Suarez & Company, and also from the finding of Referee Bravo in the claim of J. Ochoa y Hermano. The first three present similar points and will be considered together.

1. The facts do not appear very fully, but seem to be that Lamas & Mendez made a compromise with their creditors at 50 cents on the dollar and gave notes for the new amount. Thereafter they made certain payments, but found themselves unable to continue and instituted voluntary proceedings in bankruptcy. Their schedules list the claims of their creditors as of the 50 per cent compromise less the payments which have been made. The creditors, on the other hand, feel that they have not been justly treated, and seek to have their claims listed as of the original amounts less the payments which have been made since the compromise. If there are any private agreements, or any other facts, they do not appear in the papers certified up.

Not enough appears for the court to render a full decree, but it may be able to announce the principles by which the referee can proceed to state the amounts correctly. A debtor has a right to compromise with his creditors if he can agree upon a basis, and ordinarily can settle with different creditors in different proportions, as may be agreed. Should, however, a settlement be made within four months of proceedings in bankruptcy, creditors who are settled with on a different basis from others may have the settlement readjusted if it constitutes a

*In re Lamas & Mendez.*

preference of some over others. The referee's certificates in the present case speak of such a case prior to three months before bankruptcy, which is probably a misconception of the necessary period. If these settlements were prior to four months before bankruptcy they should stand, unless there is some actual fraud of which the trustee could take advantage by appropriate direct action. If the settlement was within four months, the referee will, according to circumstances, either set aside the whole settlement, or otherwise place all creditors upon an equality.

On the other hand, if this settlement was prior to the four months and is not tainted with fraud, it will stand, and the debts should be listed at the compromise amount agreed upon, apparently 50 per cent, and the amounts paid thereafter will be credited upon this new sum. Apparently this has been the view and the action of the referee, but on account of confusion as to three months, the court is unable to affirm his action as such.

2. In the Ochoa matter it seems that the referee discovered that while there was a compromise with Ochoa at 50 cents on the dollar, there was really a private understanding by which Ochoa was to receive 85 per cent, and the nominal 50 per cent was to be used to influence other creditors. The facts upon which the referee came to this conclusion are not before the court and so cannot be passed upon, but it may be said that if there was such an agreement for 85 per cent, whether before or after four months of bankruptcy, it was void as against other creditors, and Ochoa y Hermano would be held to the 50 per cent compromise which they certified to the other creditors. Any payments made should be credited upon this compromise

In re Lamas & Mendez.

debt. It would seem that the action of the referee allowing the settlement at 85 per cent must under the circumstances be reversed and the case remanded to him for further proceedings in accordance with this opinion.

It is to be observed that the court does not find the facts to be as above, as the papers certified are not full. They will doubtless develop upon further proceedings before the referee.

It is so ordered.